UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARRYL KEVIN SAWYER,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JAMI BOTZ, et al.,<br><br>　　　　　　　　　Defendants. | Case No. C22-360-RSM<br><br>ORDER |

## I.　INTRODUCTION

THIS MATTER comes before the Court on *pro se* Plaintiff's Motion for Appointment of Counsel Ex Parte (Dkt. #12) and Plaintiff's seven Motions for Default Judgment (Dkts. #18–24). Plaintiff initiated this action on March 24, 2022. Dkt. #1. Plaintiff was granted *in forma pauperis* status and his Complaint was filed on April 14, 2022. Dkts. #6–7. Plaintiff filed his Motions for Entry of Default on December 12, 2022. Dkts. #18–24. None of the eight defendants have appeared.

## II.　DISCUSSION

A. **Motion for Appointment of Counsel**

Plaintiff seeks the appointment of counsel because of his disabilities, his lack of familiarity with the courts and legal procedures. Dkt. #12. Plaintiff explains that he reached

ORDER - 1

out to the A.C.L.U. of Washington and Columbia Legal Services - Institutional Legal Project, but to no avail. *Id.* at 2. He also argues that his case is complex and that he needs an attorney to obtain video and other related evidence that the Department of Corrections and Defendants refuse to turn over. *Id.* He further maintains that his case has merit, contains extraordinary instance of cruelty and deliberate indifference. *Id.*

Generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). In certain "exceptional circumstances," the Court may request the voluntary assistance of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither factor is dispositive, and they must be viewed together before reaching a decision on a request for counsel. *Id.*

Plaintiff fails to demonstrate exceptional circumstances at this time. Plaintiff appears able to articulate his claims pro se—as evidenced by his complaint and motion for appointment of counsel—given that the legal issues are not particularly complex. Moreover, despite Plaintiff's disabilities, he has been able to file motions and may ask the Court for additional time to file and respond to motions if his disabilities prevent him from meeting any deadlines.

Plaintiff's remaining complaints relate to difficulties conducting discovery, issues that are not unique to him. If such difficulties were sufficient to establish "exceptional circumstances," nearly every *pro se* prisoner would be entitled to pro bono counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require

ORDER - 2

development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues [warranting appointment of counsel].").

Considering Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues, the Court concludes that Plaintiff has not established exceptional circumstances warranting the appointment of counsel.

B. **Motions for Entry of Default**

Local Civil Rule 55 governs the entry of default:

> Upon motion by a party noted in accordance with LCR 7(d)(1) and supported by affidavit or otherwise, the clerk shall enter the default of any party against whom a judgment for affirmative relief is sought but who has failed to plead or otherwise defend. The affidavit shall specifically show that the defaulting party was served in a manner authorized by Fed. R. Civ. P. 4.

LCR 55(a). Here, Plaintiff does not clearly demonstrate that he has complied with the requirements of Federal Rule of Civil Procedure 4 as to any of the defendants.

Nowhere does Plaintiff alleged to have attempted to serve the Summons and Complaint on any of the defendants by any means. No certificates of service or affidavit have been filed suggesting Plaintiff has even attempted service of the Summons and Complaint. On November 25, 2022, Plaintiff sent the Court a letter claiming that he did not receive copies of Summonses for Defendants Louise Stemler, Daniel Wisniowicz, and Marcus Martinez. Dkt. #11. However, on August 29, 2022, the Court did in fact issue Summons in paper form for these individuals. *See* Dkts #9-3, 9-4, and 9-5. Plaintiff's filings to date fail to demonstrate that any Defendant has been properly served in accordance with Federal Rule of Civil Procedure 4.

ORDER - 3

Accordingly, and having reviewed Plaintiff's Motion and the remainder of the record, the Court finds and ORDERS:

1) Plaintiff's Motion for Appointment of Counsel Ex Parte (Dkt. #12) is DENIED.

2) Plaintiff's Motions for Default Judgment (Dkst. #18–24) are DENIED.

DATED this 12th day of January, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 4