UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARRYL KEVIN SAWYER,<br><br>                    Plaintiff,<br><br>      v.<br><br>JAMI BOTZ, et al.,<br><br>                    Defendants. | Case No. C22-360-RSM<br><br>ORDER |

       This matter comes before the Court on *pro se* Plaintiff's Motion for the Court to Order Marshal to Serve Summonses Upon the Defendants. Dkt. #29. Plaintiff initiated this action on March 24, 2022. Dkt. #1. Plaintiff was granted in forma pauperis status, and his Complaint was filed on April 14, 2022. Dkts. #6–7. Summonses were issued on August 29, 2022. Dkt. #9. Plaintiff filed Motions for Entry of Default on December 12, 2022, which were all denied as Plaintiff had not attempted service on any of the defendants. Dkts. #18–24, 28.

       Upon an IFP plaintiff's request, "the officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). Federal Rule of Civil Procedure 4(c)(3) further provides, "[a]t the plaintiff's request the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis." Fed. R. Civ. P. 4(c)(3); *see also Boudette*

ORDER - 1

*v. Barnette,* 923 F.2d 754, 757 (9th Cir. 1991) ("[A]n IFP plaintiff must request service of the summons and complaint by court officers before the officers will be responsible for effecting such service.").

However, Fed. R. Civ. P. 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period…

It has been 412 days since Plaintiff's Complaint was filed and 275 days since summonses were issued. Plaintiff has never filed a motion for extension and his instant motion does not even attempt to address his gross delay in attempting to serve defendants. *See generally* Dkt. #29. While IFP plaintiffs may request service be made by a United States marshal, the time to do so is not infinite, Plaintiff has plainly failed to prosecute his case and it therefore must be dismissed without prejudice. *See Oyama v. Sheehan*, 253 F.3d 507, 512–13 (9th Cir. 2001) (discussing good cause and the district court's broad discretion to dismiss an action).

Accordingly, and having reviewed Plaintiff's Motion and the remainder of the record, the Court finds and ORDERS:

1) Plaintiff's Motion for the Court to Order Marshal to Serve Summonses Upon the Defendants (Dkt. #29) is DENIED;

2) Plaintiff's Complaint (Dkt. #7) is DISMISSED without prejudice;

3) The Clerk is respectfully directed to CLOSE the case.

DATED this 31st day of May, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 2